IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

PAUL W. DRIGGERS, )
)
          Plaintiff, )
)
vs. ) Case Number CIV-10-877-C
)
A. CLARK, S.H.U. Lt., et al., )
)
          Defendants. )

## **MEMORANDUM OPINION**

Before the Court is Plaintiff's Motion to Seal, in which Plaintiff requests that all filings in the case be made under seal. In support of his motion, Plaintiff offers the unsupported allegation that unless the pleadings are sealed, he may face a risk to his life or physical safety.

There is both a constitutional and common law right of access to judicial records. Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). Because Plaintiff's motion fails to satisfy even the lower threshold of the common law standard, the Court will analyze the issue under that standard.

> Under common law, there is a presumption of access accorded to judicial records. Nixon v. Warner Communications, Inc., 435 U.S. 589, 597, 98 S.Ct. 1306, 1311, 55 L.Ed.2d 570 (1978). This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access. The trial court may weigh "the interests advanced by the parties in light of the public interests and the duty of the courts." Id. at 602, 98 S.Ct. at 1314. The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. [Bank of Am. Nat'l Trust & Sav. Ass'n v.] Hotel Rittenhouse Assoc., 800 F.2d [339] at 344 [(3d Cir. 1986)].

<u>Id.</u>  Here, Plaintiff offers only possibilities of harm associated with publicly filing documents in his case.  Plaintiff raises allegations in his Complaint that certain acts by Defendants have led to his injuries and the fact that he now seeks redress for those acts may subject him to harm if his allegations are made public.  Plaintiff's argument defies logic as each of the alleged wrongs supposedly committed by Defendants were public acts or arose from the publication of the very information Plaintiff now seeks to keep hidden.  Measured against the clear public interest in open court records, Plaintiff's vague allegations fail to overcome the presumption in favor of openness.

As set forth more fully herein, the allegations in Plaintiff's motion fail to overcome the presumption in favor of openness and, therefore, Plaintiff's Motion to Seal (Dkt. No. 3) is DENIED.

DATED this 18th day of August, 2010.

_____
ROBIN J. CAUTHRON
United States District Judge